# Illinois Official Reports

## Appellate Court

> ### *Wright v. Moss*, 2015 IL App (5th) 140021

| | |
|---|---|
| Appellate Court Caption | SHARON WRIGHT, Plaintiff-Appellant, v. PHILLIP A. MOSS, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-14-0021 |
| Rule 23 Order filed<br>Motion to publish granted<br>Opinion filed | December 12, 2014<br><br>January 5, 2015<br>January 5, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In plaintiff's action seeking damages based on defendant county coroner's decision to order an autopsy performed on the body of plaintiff's elderly husband after he died at his residence, the trial court properly granted summary judgment to defendant, notwithstanding plaintiff's contentions that the autopsy was unnecessary and constituted willful and wanton misconduct, especially when decedent's primary care physician thought the cause of death was natural and he was willing to complete a death certificate, defendant described the autopsy he ordered as "random" in his own records, and he ordered the autopsy only after receiving a call from decedent's cousin indicating that the death might be suspicious because plaintiff was younger than her husband, her husband had substantial assets, and plaintiff had had relationships with other older men prior to marrying decedent, since defendant's decision to order the autopsy was a discretionary act "unique" to his office, and section 2-201 of the Tort Immunity Act provided immunity, regardless of whether the autopsy was "random" or willful and wanton misconduct. |
| Decision Under Review | Appeal from the Circuit Court of Marion County, No. 09-L-51; the Hon. Michael D. McHaney, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Eric L. Terlizzi, of Salem, for appellant. |
| | Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellee. |
| Panel | JUSTICE SCHWARM delivered the judgment of the court, with opinion.<br>Justices Welch and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff, Sharon Wright, lost her husband, Dale, to natural causes. The plaintiff claims that an autopsy of her husband by the defendant, Clinton County coroner Phillip Moss, was entirely unnecessary and willful and wanton misconduct. She brought suit, claiming damages for this misconduct. The circuit court granted summary judgment to the defendant, and the plaintiff now appeals. For the reasons that follow, we affirm the circuit court's judgment.

¶ 2                                    BACKGROUND

¶ 3    On March 31, 2009, the plaintiff's husband, Dale Wright, died in his home in Carlyle, Clinton County, Illinois, at the age of 88. Dale had been suffering from numerous ailments, such as diabetes, cardiovascular disease, and renal issues. Deputy coroner David Moss, the father of the defendant, arrived on scene to examine the body. David called Dr. Suppiah, Dale's physician, who believed the death was natural and was willing to complete a death certificate. Dale's body was taken by Robert Bruns, an employee of Neal Funeral Home, who in turn brought Dale's body to his employer's Louisville, Illinois, facility to begin preparing for the visitation and funeral.

¶ 4    Later that day, the defendant received a call from Jim Williams, a retired state trooper and a cousin of Dale. Williams told the defendant that the plaintiff was younger than Dale, that she had been in relationships with other older men prior to marrying Dale, and that Dale's estate involved a lot of assets. Based on the call, the defendant believed that there was a chance that Dale's death was suspicious. As such, the defendant ordered an autopsy performed. The defendant described this as a "random" autopsy in his own files. The defendant stated that he had labeled the autopsy "random" because he "didn't have any answers" as to a definitive theory of death. The defendant and David Moss retrieved the body from Neal Funeral Home. They also directed employees at Neal Funeral Home not to answer questions regarding the autopsy but instead to tell the plaintiff or others to contact the defendant with any questions. The defendant also requested that St. Louis University Forensic Toxicology perform tests to

determine if Dale had been poisoned. Dr. Raj Nanduri performed the autopsy in East St. Louis on April 1, 2009. The autopsy determined that Dale died of acute bronchopneumonia, a natural cause.

¶ 5 The plaintiff claims that, at Dale's visitation, she "was shocked, distraught and sickened by the appearance of Dale's body." She did not learn that an autopsy had been performed until approximately one month had passed, when Neal Funeral Home directed her to contact the defendant to learn why she had not received a death certificate. On May 18, 2009, a copy of the autopsy was sent to the plaintiff. The plaintiff claims that the graphic details of Dale's autopsy contained in the report caused her great emotional distress and made her feel physically ill.

¶ 6 On August 26, 2009, the plaintiff filed her initial complaint against the defendant. On May 24, 2013, the circuit court dismissed the plaintiff's complaint. On May 28, 2013, the plaintiff filed her first amended complaint in which she alleged the defendant engaged in willful and wanton misconduct. On September 19, 2013, the defendant filed a motion for summary judgment, which the court granted on December 27, 2013. On January 13, 2014, the plaintiff timely filed her notice of appeal.

¶ 7                                                    ANALYSIS

¶ 8 Summary judgments are reviewed *de novo*. *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 228 (2007). "Summary judgment is appropriate whenever the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, show there is no genuine issue of material fact between the parties and that the moving party is entitled to judgment as a matter of law." *Id.* (citing *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004)).

¶ 9 Under section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, "[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201 (West 2008). Because section 2-201 "does not contain an immunity exception for willful and wanton misconduct," the Supreme Court of Illinois has held that "the legislature must have intended to immunize liability for both negligence and willful and wanton misconduct." *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 196 (1997).

¶ 10 Under section 2-201, "an employee may be granted immunity if he holds *either* a position involving the determination of policy *or* a position involving the exercise of discretion." (Emphases in original.) *Harinek v. 161 North Clark Street Ltd. Partnership*, 181 Ill. 2d 335, 341 (1998). However, "immunity will not attach unless the plaintiff's injury results from an act performed or omitted by the employee in determining policy *and* in exercising discretion." (Emphasis in original.) *Id.* Thus, the court must "conduct[ ] a dual-prong inquiry with respect to whether section 2-201 immunity attache[s]." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 373 (2003). First, the court determines if the acts or omissions are policy decisions, defined as " ' "those decisions which require [an official] to balance competing interests and to make a judgment call as to what solution will best serve each of those interests." ' " *Id.* (quoting *Harinek*, 181 Ill. 2d at 342, quoting *West v. Kirkham*, 147 Ill. 2d 1, 11 (1992)). Second, the court determines if the acts were discretionary. "An act or omission is discretionary when it is 'unique to a particular public office.' " *Albers v. Breen*, 346 Ill. App.

3d 799, 808 (2004) (quoting *Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995)). Thus, an official is protected by immunity if that official holds a position involving the determination of policy or an exercise of discretion and also both determined policy and exercised discretion. *Gutstein v. City of Evanston*, 402 Ill. App. 3d 610, 622 (2010) (citing *Harinek*, 181 Ill. 2d at 341).

¶ 11    The plaintiff alleges that there are genuine issues of material fact that should have prevented the circuit court from granting summary judgment. The plaintiff largely takes issue with the defendant's labeling Dale's autopsy a "random" autopsy. The plaintiff alleges that, under section 3-3015 of the Counties Code (55 ILCS 5/3-3015 (West 2008)), a coroner may only order an autopsy when a death is suspicious and there is no other way to establish death. The plaintiff claims the defendant lacked good cause to conduct an autopsy, since Dr. Suppiah was willing to sign Dale's death certificate indicating Dale had died of natural causes. Thus, the defendant had to know that Dale's death was not suspicious. The only evidence calling Dale's cause of death into suspicion the defendant had considered at the time he ordered the autopsy was Williams's phone call. Thus, the plaintiff argues, the defendant lacked sufficient cause to find Dale's death suspicious, and the defendant's mishandling of Dale's corpse was willful and wanton misconduct.

¶ 12    The plaintiff's argument does not address how a death is determined to be suspicious. Illinois law requires autopsies in situations "[w]here a death has occurred and the circumstances concerning the death are suspicious, obscure, mysterious, or otherwise unexplained and *in the opinion* of the examining physician *or the coroner* the cause of death cannot be established definitely except by autopsy." (Emphases added.) 55 ILCS 5/3-3015(a) (West 2008). While no case law found by this court has interpreted this statute, "[t]he main goal in construing a statute is to ascertain and give effect to the intent of the legislature." *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 228 (2007). Section 3-3015 states that the coroner can decide, based solely on his or her opinion, that an autopsy is required when the coroner believes a death is suspicious. Based upon a plain reading of the statute, the legislature intended a coroner like the defendant to be able to consider a death suspicious and order an autopsy even when a primary care physician like Dr. Suppiah believes the cause of death is natural.

¶ 13    However, even assuming every allegation made by the plaintiff were true, and the defendant ordered Dale's autopsy in a willful and wanton manner, the plaintiff still cannot succeed on her claim because the defendant is wholly protected by immunity. The defendant, as coroner, had a position involving the discretion of when to order an autopsy under section 3-3015. The defendant "was in a position involving the determination of policy because he 'bears sole and final responsibility' " for autopsies performed in Clinton County. *Gutstein v. City of Evanston*, 402 Ill. App. 3d 610, 624 (2010) (quoting *Harinek*, 181 Ill. 2d at 343). Because autopsies can only be ordered by the coroner, and are thus unique to that particular office, the defendant's order was a discretionary act. Thus, the defendant as coroner is protected from suit when ordering autopsies under section 2-201. Moreover, because section 2-201 protects from even willful and wanton conduct, the defendant is fully immune from any allegations raised by the plaintiff in this case.

¶ 14    The plaintiff's only argument that the defendant is not protected by immunity is an assertion that a "random" autopsy, by its definition, cannot be a discretionary act. Therefore, she claims, the defendant's actions are not protected by immunity. However, this argument

ignores that the courts have defined a discretionary act as one that is " 'unique to a particular public office.' " *Albers v. Breen*, 346 Ill. App. 3d 799, 808 (2004) (quoting *Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995)). The ordering of autopsies is unique to coroners, and therefore whether or not such autopsies are "random" is not part of the analysis.

¶ 15                                          CONCLUSION

¶ 16        For the reasons stated, we affirm the judgment of the circuit court of Marion County.

¶ 17        Affirmed.